IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHAHIED SUMMONS | § § | |
| V. | § § | CAUSE NO. A-18-CV-795-SS [A-17-CR-249-SS] |
| UNITED STATES OF AMERICA | § | |

## ORDER

BE IT REMEMBERED on this day, the Court reviewed the file in the above-styled cause, and specifically Movant Shahied Summons's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 35). Having considered the motion, the governing law, and the file as a whole, the Court now enters the following opinion and order denying Summons's motion.

### Background

Summons was charged by information with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349 (Count One), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count Two). (ECF No. 3). On July 20, 2017, pursuant to a plea agreement and at the conclusion of a Rule 11 hearing, Summons waived indictment and pleaded guilty to both counts alleged in the information. (ECF Nos. 5 & 20). The written plea agreement included a waiver of Summons's right to appeal on any basis and a waiver of his right to collaterally attack his conviction and sentence, other than to assert a claim of ineffective assistance of counsel or prosecutorial misconduct. (ECF No. 5).

The written plea agreement included a detailed factual basis for Summons's guilty plea. (*Id.*). The plea agreement also stated:

> On February 22, 2017, Detective Matt Conley interviewed the Defendant in jail regarding the above-described events. In sum and substance, the Defendant admitted to the [alleged] offenses . . ., as well as other instances of similar fraud that were both known and unknown to [the Austin Police Department]. The Defendant stated that he actively committed these fraud schemes from approximately the summer of 2016 through the time of his arrest and estimated that he profited between $300,000 to $400,000.

(ECF No. 5 at 4).

In return for Summons's guilty plea, the Government agreed it would not criminally prosecute him further for the conduct giving rise to the charge contained in the information or based on the facts set forth in the plea agreement. (*Id.*). Furthermore, the Government agreed to recommend the District Attorney's Offices of Travis and Harris County dismiss the pending state charges against Summons in those two jurisdictions. (*Id.*).

A Presentence Investigation Report ("PSR") was prepared. (ECF No. 31). The PSR calculated a total offense level of 26 and a criminal history score of VI, arriving at a guideline sentencing range of 120 to 150 months imprisonment on Count One. (ECF No. 31 at 18-19). The PSR noted the guideline sentence for Count Two was the minimum statutory term of two years imprisonment. (ECF No. 31 at 18-19). Summons, through counsel, filed objections to the PSR. (ECF No. 31 at 23-24). On September 22, 2017, the Court sentenced Summons to 120 months imprisonment on Count One and a consecutive sentence of 24 months imprisonment on Count Two. (ECF No. 32). Additionally, the Court imposed an aggregate sentence of 3 years of supervised release and ordered Summons to pay restitution in the amount of $356,535.17, and a special assessment of $100. (*Id.*). On that same day, the Court revoked Summons's supervised

release in Cause No. 1:17-CR-288-SS and sentenced him to 27 months to be served consecutively to the sentence imposed in the instant cause.

Summons executed his § 2255 motion on September 12, 2018. In Summons's motion to vacate he asserts "the statute under which" he was convicted is void for vagueness; the order of restitution was improper; his right to be free of double jeopardy was violated; the sentencing guidelines were "erroneously" calculated and applied; and he was denied the effective assistance of counsel. (ECF No. 35).

## Analysis

**I. Section 2255-Legal Standard**

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). A § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. Instead, the range of claims that may be raised in a § 2255 proceeding is narrow and limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

## II. Application

### A. Conclusory Claims

The Court initially finds all of Summons's claims are conclusory. Summons fails to make particularized allegations or to identify probative evidence in the record supporting his allegations. The record does not support Summons's claims and, accordingly, the Court finds the claims fatally conclusory and without merit. *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998); *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980).

### B. Waiver

Summons expressly waived his right to collaterally attack his conviction and sentence, except for claims based on the ineffective assistance of counsel or prosecutorial misconduct. This waiver is effective if Summons's guilty plea was knowing and voluntary. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Whether a guilty plea is "knowing" focuses on "whether the defendant understands the direct consequences of his plea including the maximum possible penalty," while "voluntariness" concerns "whether the plea was induced by threats, misrepresentation, unfulfilled promises, or improper promises." *United States v. Diaz*, 516 F. App'x 358, 360 (5th Cir. 2013) (per curiam) (citing *United States v. Hernandez*, 234 F.3d 252, 255 & n.3 (5th Cir. 2000)). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are voluntary and knowing, by requiring a judge to ensure the defendant understands the law governing his crime in relation to the facts of his case, as well as his rights as a criminal defendant. *United States v. Vonn*, 535 U.S. 55, 62 (2002).

At the conclusion of Summons's Rule 11 hearing the Magistrate Judge submitted the following findings of fact:

> 1. The defendant, with the advice of the defendant's attorney, consented to enter this guilty plea before the Magistrate Judge, subject to final approval and sentencing by the District Judge;
>
> 2. The defendant fully understands the nature of the charge to which the defendant pled and possible penalties;
>
> 3. The defendant understands the defendant's constitutional and statutory rights, that those constitutional and statutory rights can be waived, and the meaning and effect of waiving those constitutional and statutory rights;
>
> 4. The defendant waived the right to appeal except in a case in which the sentence imposed is greater than the maximum sentence authorized by statute. The defendant also waived the right to challenge the defendant's conviction or sentence under 28 U.S.C. §§ 2241 and 2255. The defendant did not waive the right to raise a challenge based on ineffective assistance of counsel and prosecutorial misconduct;
>
> 5. The defendant's plea was made freely and voluntarily;
>
> 6. The defendant is competent to enter this plea of guilty; and
>
> 7. There is a factual basis for this plea.
>
> 8. The defendant has reviewed the plea agreement carefully with the defendant's attorney. The defendant further advised that the defendant understands the plea agreement and agrees to be bound by the plea agreement.

(ECF No. 20 at 2).

The Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Furthermore, a petitioner's "clear and unambiguous plea agreement is afforded great evidentiary weight," *see United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994), and bald allegations to the contrary are insufficient to merit § 2255 relief. Accordingly, the Court concludes Summons's waiver of his right to attack his conviction and sentence was knowing and voluntary. Therefore, any claims regarding the validity of his

conviction and sentence, other than his claims of ineffective assistance of counsel, may be denied and dismissed solely on this basis. *Mabry v. Johnson*, 467 U.S. 504, 508 (1984); *Brady v. United States*, 397 U.S. 742, 755-56 (1970).

**C. Merits**

**1. "Due Process Fifth Amendment Violation"**

Summons contends: "The statue under which I was charge[d] is too vague that it violates the constitution." (ECF No. 35 at 4).

> The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." [Supreme Court precedents] establish that the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357-358, 103 S. Ct. 1855, 75 L.Ed.2d 903 (1983).

*Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015).

Summons was convicted of violating 18 U.S.C. §§ 1343 and 1349 (attempt and conspiracy to commit wire fraud) and 18 U.S.C. § 1028A(a)(1) (identity theft). The elements of conspiracy to commit wire fraud are: (1) two or more persons made an agreement to commit an unlawful act; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined in the agreement willfully, with the intent to further the unlawful purpose. *See United States v. Grant*, 683 F.3d 639, 643 (5th Cir. 2012). "An agreement may be inferred from concert of action, voluntary participation may be inferred from a collection of circumstances, and knowledge may be inferred from surrounding circumstances." *United States v. Simpson*, 741 F.3d 539, 547 (5th Cir. 2014) (internal quotations omitted). The elements of identity theft are: (1) the defendant knowingly possessed a means of identification of another person; (2) the defendant knew that the

means of identification belonged to another person; (3) the defendant knew that he was without lawful authority to possess the means of identification; and (4) the defendant possessed the means of identification during and in relation to a predicate offense.

The information in this matter, to which Summons pleaded guilty, described specific instances of wire fraud and identity theft by Summons, and was not vague or indefinite. *See id.* at 548. Furthermore, the Court is unaware of any published opinion by any federal court finding 18 U.S.C. §§ 1343, 1349, or 1028A(a)(1) unconstitutionally vague. Accordingly, this claim is without substantive merit.

### 2. "Due Process Fifth Amendment Violation"

Summons asserts: "I was ordered to pay restitution for monetary losses I was not charged with or convicted of." (ECF No. 35 at 5). This claim is not cognizable in a § 2255 action. *See United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999) ("complaints concerning restitution may not be addressed in § 2255 proceedings"); *United States v. Walker*, 78 F.3d 582, 1996 WL 60750, at *3 (5th Cir. 1996) (same). *Cf. United States v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994) (claims of ineffective assistance of counsel in connection with the imposition of a fine are not cognizable in a § 2255 proceeding because such claims have no bearing on the defendant's custody).

### 3. "Double Jeopardy Fifth Amendment Violation"

Summons asserts he "was punished twice for a single offense. I was sentenced to serve 120 months in prison as well as 3 years of supervised release for Count 1." (ECF No. 35 at 7). Broadly construing this claim, Summons argues these "multiple punishments" for the same offense violated his right to be free of double jeopardy.

A period of supervised release is part of the defendant's sentence rather than a sentence somehow distinct from the sentence of imprisonment. *See* 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment . . . may include as part of the sentence a requirement . . . of supervised release."); *United States v. Benbrook*, 119 F.3d 338, 341 (5th Cir. 1997). Because a sentence of imprisonment followed by a term of supervised release does not, as a matter of law, constitute multiple punishments for the same offense, this claim is without merit.

### 4. "Double Jeopardy Fifth Amendment Violation"

Summons also contends: "I was punished twice for a single offense. I was sentenced to serve 24 months in prison as well as 1 year of supervised release for Count 2." (ECF No. 35 at 8). This claim fails for the same reason Summons's third claim for relief fails.

### 5. "Double Jeopardy 5th Amendment violation"

Summons asserts his "punishment was determined by my criminal history things that I was punish[ed] for up to 20 years ago." (ECF No. 35 at 15). Broadly construing this claim, Summons argues his right to be free of double jeopardy was violated because his sentence for the instant crimes was enhanced by his prior crimes, for which he had already been punished.

No person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause protects, among other things, against multiple or successive punishments for the same offense. *See Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 769 n.1 (1994); *Albernaz v. United States*, 450 U.S. 333, 343 (1981). However, "'[e]nhancement statutes, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines . . . do not change the penalty imposed for the earlier

8

conviction.'" *Witte v. United States*, 515 U.S. 389, 400 (1995) (quoting *Nichols v. United States*, 511 U.S. 738, 747 (1994)).

> In repeatedly upholding such recidivism statutes, [the Supreme Court has] rejected double jeopardy challenges because the enhanced punishment imposed for the later offense is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes, but instead as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.

*Id.* (internal quotations omitted).

Pursuant to *Witte*, the enhancement of Summons's sentence was not multiple punishment for the same offense, but rather a stiffened penalty for the latest crime. Therefore, the use of Summons's criminal history for enhancement purposes did not violate double jeopardy. *See Sudds v. Maggio*, 696 F.2d 415, 417 (5th Cir. 1983); *United States v. Bowdach*, 561 F.2d 1160, 1175 (5th Cir. 1977); *Woodward v. Beto*, 447 F.2d 103, 104-05 (5th Cir. 1971) ("[H]abitutal offender statutes do not violate the double jeopardy clause of the United States Constitution."); *United States v. Shaw*, 26 F.3d 700, 701 (7th Cir. 1994) (collecting cases).

### 6. "Due process 5th Amendment violation"

Summons asserts: "The sentencing guidelines were erroneously applied. They over estimate my criminal history [and] miscalculated the monetary losses and the number of victims. They also overlooked the mitigating factors." (ECF No. 35 at 15). Claims alleging misapplication of the Sentencing Guidelines are not cognizable in § 2255 actions. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999), *citing Segler*, 37 F.3d at 1134; *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994). Because this claim is not cognizable in a § 2255 action, relief on this claim must be denied.

### 7. "Ineffective Assistance of counsel. 6th Amendment violation"

Summons alleges his counsel

> practiced deception," and "lied to me in order to force me to request the court to appoint her to my case. She never communicated my counter offer to the United States Assistant Attorney. [S]he failed to give me my PSR in a timely manner, thus limiting my ability to review it thoroughly. She also failed to object to the errors I instructed her to raise. She never explained my rights to me in a way that was understandable to me and overall [s]he never represented my interests.

(ECF No. 35 at 15). These allegations regarding counsel are conclusory and, therefore, are an insufficient basis for relief. *United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.").

Additionally, the claims are without support in the record and are without merit. The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel, including the effective assistance of counsel when entering a guilty plea. *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017). An ineffective assistance of counsel claim in the context of a guilty plea is subject to the same standard as any other ineffective assistance claim, i.e., the *Strickland* standard. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To successfully state a *Strickland* claim, a movant must demonstrate his counsel's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The burden of proof is on the movant alleging ineffective assistance of counsel. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

To satisfy the first prong of the *Strickland* test, a movant must establish his counsel's performance fell below an objective standard of reasonable competence. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993); *United States v. Kayode*, 777 F.3d 719, 723 (5th Cir. 2014). In the context

of a guilty plea, *Strickland*'s "prejudice" analysis "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. Accordingly, to satisfy the prejudice test the movant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* A movant may also establish prejudice arising from counsel's alleged deficiencies by showing he would have had a reasonable chance of obtaining an acquittal or a lesser sentence at trial. *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016).

Summons must affirmatively plead the actual prejudice resulting from his counsel's deficiencies. *Hill*, 474 U.S. at 60. The probability of prejudice may not be based upon conjecture or speculation. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. Furthermore, a court's prediction about whether the defendant had a reasonable chance of obtaining a more favorable result should be made objectively. *Batamula*, 823 F.3d at 240 (citing *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) ("[Defendant] cannot [show prejudice] merely by telling us now that she would have gone to trial then if she had gotten different advice. The test is objective, not subjective[.]")).

Summons claims he was lied to and forced "to request the court to appoint" Ms. Boykin as his counsel. Summons does not describe what he alleges to have been improper about the appointment, and the record indicates Ms. Boykin was appointed because she represented Summons against similar state charges beginning in February of 2017. (ECF No. 41-1). Summons

does not meet his burden of proving ineffective assistance because he does not explain how this appointment prejudiced his defense by inducing him to plead guilty.

Summons also states counsel "never communicated my counter offer to the [government]." (ECF No. 35 at 15). Summons does not explain when or what he counter-offered. Nor does he explain how he knows this counter-offer was not relayed to the Government. This claim is also belied by the plea agreement, in which he stated he was satisfied with his counsel's representation. (ECF No. 5 at 8, 10). The record does not support Summons's allegation that his counsel failed to convey a counter-offer to the Government. Accordingly, Summons has not met his burden of proving his counsel's performance was deficient in this regard.

Summons claims his counsel "failed to give me my PSR in a timely manner." (ECF No. 35 at 15). The Local Rules of Criminal Procedure require defense counsel to consult with the defendant and submit any objections to the PSR within 10 days after the presentence report is submitted. Summons's presentence report is dated August 22, 2017, and Ms. Boykin states in her affidavit that she "met with Mr. Summons on September 9, 2017 to discuss his Pre-Sentence Report." (ECF No. 27; ECF No. 41-1 at 3). Furthermore, Summons is unable to establish prejudice from this alleged error, as counsel timely submitted objections to the PSR, which the Probation Officer included in the revised PSR prior to Summons's sentencing. (ECF No. 26; ECF No. 29).

Summons also alleges Ms. Boykin "failed to object to the errors I instructed her to raise." (ECF No. 35 at 15). Summons does not describe his instructions; Ms. Boykin explains Summons wanted to object to the loss amount and to assert he was coerced into participating in the fraud scheme. (ECF No. 41-1 at 3). As to the first objection, Summons is unable to establish either deficient performance or prejudice because Ms. Boykin did object to multiple aspects of the loss

amount calculation. (ECF No. 26-1). Regarding the claim of coercion, Ms. Boykin avers she explained to Summons the "chance of losing his 'acceptance of responsibility' credit" had he raised this allegation, and she states Summons "agreed that he would take responsibility instead." (ECF No. 41-1). Counsel's performance was not deficient because she correctly advised Summons of the law, i.e., that arguing coercion or duress at his sentencing proceeding could result in an increase in the applicable sentencing guidelines range. *See United States v. Brigman*, 953 F.2d 906, 909 (5th Cir. 1992) (finding inadequate acceptance of responsibility where defendant "attempts to excuse his acts" at sentencing); *United States v. Bell*, 417 F. App'x 420, 422 (5th Cir. 2011) (affirming withdrawal of acceptance of responsibility credit where defendant "deflected responsibility" and "portrayed himself as a victim" at sentencing).

Finally, Summons claims counsel "never explained my rights to me in a way that was understandable to me and overall [s]he never represented my interests." (ECF No. 35 at 15). Summons has not established counsel's performance was deficient or prejudicial. Ms. Boykin states she met or spoke with Summons on seven occasions prior to the entry of his guilty plea. (ECF No. 41-1 at 1-2). In Summons's waiver of indictment he agreed he "was advised in open court of my rights and the nature of the proposed charges against me." (ECF No. 17). In his Findings of Fact the Magistrate Judge confirmed "[t]he defendant understands the defendant's constitutional and statutory rights." (ECF No. 20 at 2). This claim is also contradicted by the written plea agreement, wherein Summons declared he understood and was waiving certain listed rights, and that he had "sufficient time to discuss the case with [his] attorney." (ECF No. 5 at 5-6, 8, 10). The representations in Summons's "written plea agreement . . . are entitled to a presumption

of regularity and are accorded great evidentiary weight." *United States v. Soliz,* 359 F. App'x 466, 470 (5th Cir. 2009).

Moreover, Summons has not established a reasonable probability the result of the proceeding would have been different but for any of counsel's purported errors. *Hill,* 474 U.S. at 58. The evidence against Summons was substantial and, therefore, there is little likelihood Summons would have been acquitted had he insisted on going to trial. Nor has Summons shown he would have received a lesser sentence had he proceeded to trial; the plea agreement was extremely beneficial to Summons as it reduced his guideline sentencing range for acceptance of responsibility and allowed him to avoid prosecution by the state authorities. Accordingly, Summons's claim of ineffective assistance of counsel fails.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's

underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Summons's § 2255 motion on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not be issued.

## Conclusion

Accordingly,

**IT IS ORDERED** that Movant Shahied Summons's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 35] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** this the 21st day of February 2019.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE